UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>DONALD J. PEEL,<br><br>                Defendant. | No.  2:14-cr-00106-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND MOTION TO DISMISS INDICTMENT** |

Defendant moves to suppress evidence and "dismiss the case for violation of [his] due process rights" based upon the alleged seizure of Defendant's "legal materials during transit from state custody to federal custody." (Def.'s Mot. to Suppress 1:16-18, ECF No. 8; Def.'s Mot. to Dismiss 1:16-19, ECF No. 10.) In essence, Defendant argues: "Federal law enforcement took his jail property when he was taken into federal custody, and he has not seen his property since. [Defendant] contends that the property included confidential attorney-client communications which [he] was preparing to send to his attorney." (Def.'s Mot. to Suppress 2:11-14; Def.'s Mot. to Dismiss 2:11-14.) Defendant also contends that the FBI agents who seized his legal materials "had the ability to use [his] confidential legal communications to build a prosecution strategy." (Def.'s Mot. to Dismiss 2:17-20.) No evidence was filed in support of either defense motion.

1

The government opposes both motions, rejoining they "are unsupported by any evidence . . . [and] should be denied." (Gov't Opp'n 1:23-24, ECF No. 13.) The government submitted the declarations of FBI Special Agents ("SAs") Peter Jackson and Denise Farmer in support of its opposition. The SAs aver:

> On April 2, 2014, [the SAs] met with deputies from the Siskiyou County Sheriff at the Shasta County Jail and took custody of the defendant . . . . [The SAs] transported the defendant from the Shasta County Jail to the Federal Courthouse in Sacramento. The Siskiyou County deputies gave [the SAs] the personal belongings of the defendant.
>
> Upon arriving at the Federal Courthouse, [SA Jackson] showed the defendant a sign that said the only items that were permitted to be brought through booking with the U.S. Marshals Service are prescription drugs and money. [SA Jackson] showed the defendant the check that was included in his personal belongings, which [he] had removed from the bag provided by Siskiyou County deputies. [SA Jackson] confirmed with the defendant he had no prescription drugs in the bag.
>
> Upstairs at the Marshals booking area, [SA Jackson] heard the defendant ask the deputy about taking legal materials through booking, and [SA Jackson] heard the deputy US Marshal refuse to accept what [SA Jackson] described to the deputy was a manila envelope with paperwork the defendant was calling his legal material. [SA Jackson] informed the defendant that all of the items provided to the FBI by the Siskiyou County deputies would be booked into the evidence vault at the Sacramento FBI office with the exception of the defendant's check, which was provided to the deputy US Marshals in the booking area. [SA Jackson] informed the defendant that he or his attorney could make arrangements to retrieve any legal paperwork materials in his personal belongings from the Sacramento FBI office. [The SAs] took part in booking [the defendant's] belongings into evidence the same day.
>
> In the course of booking the [defendant's] belongings, [the SAs] did not observe

2

|   |   |
|---|---|
| 1 | anything that appeared to be communication between the defendant and any attorney, nor did [they] observe any information that appeared to reflect a legal strategy or notes. |

(Decl. of Special Agent Peter Jackson ("Jackson Decl.") ¶¶ 1-10, ECF No. 13-1 (paragraph numbers omitted); see also Decl. of Special Agent Denise Farmer ("Farmer Decl.") ¶¶ 1-9, ECF No. 13-2.) SA Farmer further declares that on May 16, 2014, she "confirmed with the evidence vault in Sacramento that nobody, including any member of the defense team," has reviewed the "the items that were booked on April 2, 2014." (Farmer Decl. ¶ 10.)

Whether couched as a motion to suppress or a motion to dismiss the indictment, Defendant has the burden of proving the requested relief should be granted under the applicable legal standard. See United States v. Ruehle, 583 F.3d 600, 608 (9th Cir. 2009) ("The party asserting the [attorney-client] privilege bears the burden of proving each essential element."); United States v. Haynes, 216 F.3d 789, 796 (9th Cir. 2000) ("[A] claim of outrageous government conduct premised upon deliberate intrusion into the attorney-client relationship will be cognizable where the defendant can point to actual and substantial prejudice." (quoting United States v. Voigt, 89 F.3d 1050, 1066 (3d Cir. 1996) (internal quotation marks omitted)).

Here, Defendant has not satisfied either legal standard. See Ruehle, 583 F.3d at 607-08 (discussing the elements of the attorney-client privilege); United States v. Stringer, III, 535 F.3d 929, 941-42 (9th Cir. 2008) (stating the elements of an outrageous government conduct claim based upon interference with the defendant's attorney-client relationship). Each motion

is based upon mere speculation; "[t]here is not a scintilla of evidence before the court at this time to suggest that the [SAs] misconducted themselves" in handling Defendant's jail property. United States v. Gomez-Barajas, 617 F. Supp. 1163, 1174-75 (S.D. Cal. 1985). Further, the record belies Defendant's unsupported contentions.

For the stated reasons, each defense motion is DENIED, but the hearing scheduled for the motion is still scheduled as a status hearing.

Dated:  May 21, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge