UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>DONALD J. PEEL,<br><br>        Defendant. | No.  2:14-cr-00106-GEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT AND DENYING MOTION TO STRIKE AND MOTION TO SUPPRESS AS MOOT** |

Defendant moves for dismissal of the indictment, arguing that it should be dismissed because it fails "to allege all the elements of the alleged crime in violation of the Sixth Amendment and Fed. R. Crim. P. [("Rule")] 7." (Def.'s Mot. to Dismiss 1:16-20, ECF No. 19.) Defendant also "requests . . . the Court strike the alias names as surplusage pursuant to [Rule] 7(d)," and seeks  suppression of certain evidence. (Id. at 1:20-21; Def.'s Mot. to Suppress, ECF No. 17.)

The government opposes each motion.

For the reasons stated below, Defendant's motion to dismiss the indictment is GRANTED, and the remaining motions are denied as moot.

///

Defendant "requests . . . the Court dismiss the indictment without prejudice," based on the argument that it fails to allege all elements of the offense charged, i.e., the transportation of a minor with intent to engage in criminal sexual activity proscribed in 18 U.S.C. § 2423(a), since it does not allege the underlying criminal sexual activity in which Defendant intended to engage. (Def.'s Mot. to Dismiss 2:1-8; 4:1.) Defendant contends:

> The U.S. Supreme Court has held that if a statute makes it a crime to engage in certain conduct "contrary to law" it is not enough simply to cite the statute and recite in the pleading that the act was contrary to law – the pleading must show what other law was violated by either statutory citation or factual allegations.

Id. at 2:4-8 (citing Keck v. United States, 19 S. Ct. 254 (1899)).

The government rejoins the indictment sufficiently alleges the charged offense, arguing "no court has ever held that an indictment should be dismissed if it does not inform the defendant of which state laws his conduct violate[s]." (Gov't Opp'n 5:19-21, ECF No. 27.) The government further argues the Court should construe the dismissal as a motion for a bill of particulars and indicates "the government would not object to filing a brief bill of particulars setting out the various state laws that are believed to have been violated in this case." Id. at 6:1-2, 7:22-8:1.

"An indictment . . . must meet the requirements of both the Due Process Clause and [Rule] 7. Under the Due Process Clause, an indictment . . . is sufficient if it 'first, contains

2

the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" United States v. Huping Zhou, 678 F.3d 1110, 1113 (9th Cir. 2012) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). "Federal Rule of Criminal Procedure 7 requires that an indictment . . . 'be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" Id. (quoting Fed. R. Crim. P. 7(c)(1)). Thus, "the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." United States v. Pernillo-Fuentes, 252 F.3d 1030, 1032 (9th Cir. 2001) (quoting United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985)) (internal quotation marks omitted).

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, *as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.*" United States v. Mancuso, 718 F.3d 780, 790 (9th Cir. 2013) (emphasis added) (quoting Hamling, 418 U.S. at 117) (internal quotation marks omitted). In contrast, "where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,-it must descend to particulars." Russell v. United States, 369 U.S. 749, 765 (1962)

(quoting United States v. Cruikshank, 92 U.S. 542, 558 (1875)) (internal quotation marks omitted). "Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Id. (quoting United States v. Hess, 124 U.S. 483, 487 (1888)) (internal quotation marks omitted).

For example, when the charging offense contains "contrary to law" as an element, courts have generally held "it is not enough simply to . . . recite in the [indictment] that the act was contrary to law-the [indictment] must show what other law was violated, either by citation to the other statute or by sufficient factual allegations." 1 Charles Alan Wright, et al., Federal Practice & Procedure § 124 (4th ed. 2014); see e.g., United States v. Teh, 535 F.3d 511, 516 (6th Cir. 2008) ("An indictment only including the words 'contrary to the law'-without stating *which* law the defendant's conduct violated-is inadequate because it does not fully set forth the 'contrary to the law' element." (emphasis in original)); Current v. United States, 287 F.2d 268, 269 (9th Cir. 1961) ("Appellant urges that merely to charge a person with violation of a statute 'contrary to law' is insufficient to state an offense. We agree."); Steiner v. United States, 229 F.2d 745, 748 (9th Cir. 1956) (reversing conviction on certain counts where the indictment on those counts "failed to state what law . . . the [defendant's conduct] was contrary to, or in what respect [defendant's conduct] was contrary to such law").

4

"An indictment's failure to 'recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment.'" Pernillo-Fuentes, 252 F.3d at 1032 (quoting United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999)) (alteration in original). A "bill of particulars [cannot] salvage an invalid indictment." United States v. Zavala, 839 F.2d 523, 530 (9th Cir. 1988) (citing Russell, 369 U.S. at 765).

Further, "[i]n ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). "The indictment either states an offense or it doesn't. . . . 'The Court should not consider evidence not appearing on the face of the indictment.'" Id. (quoting United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996)).

Here, Defendant is charged with violating 18 U.S.C. § 2423(a). The indictment alleges:

> [Defendant], on or about March 18, 2014, in the County of Siskiyou, State and Eastern District of California, and elsewhere, did knowingly transport an individual who had not attained the age of 18 years, to wit: Jane Doe, a 16 year old girl, in interstate and foreign commerce, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a).

(Indictment 1:26-2:3, ECF No. 5.) The indictment essentially tracks the language of the statute, which prescribes, in relevant part:

5

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

"Sexual activity" is not defined by the statute, and the phrase "any sexual activity for which any person can be charged with a criminal offense," encompasses a multitude of crimes.

Since the indictment does not allege, either by citation or sufficient factual allegations, in which criminal sexual activity or activities Defendant intended to engage, the indictment is deficient. Compare United States v. Lanzon, No. 06-20783-CR, 20008 WL 3271092, at *1-3 (S.D. Fl. Aug. 8, 2008) (dismissing an indictment for a violation of 18 U.S.C. § 2422(b)[1] for insufficiently alleging the underlying illegal sexual activity), with United States v. Powell, 1 F. Supp. 2d 1419, 1423-24 (N.D. Ala. Jan 12, 1998) (denying motion to dismiss indictment for violations of 18 U.S.C. § 2423(a) where the relevant counts "specify the state law violations necessary to trigger § 2423"), and United States v. Schaefer, No. S1 07 Crim. 498 (DAB), 2008 WL 2332369, at *2-3 (S.D.N.Y. June 2, 2008) (denying as moot a motion to dismiss an indictment for violation of 18 U.S.C. § 2422(b) when the superseding indictment "specifies the provisions of New York Penal Law which define 'sexual

---

[1] 18 U.S.C. § 2422(b) is a different section of the Mann Act, 18 U.S.C. §§ 2421, et seq., which includes the language "sexual activity for which any person can be charged with a criminal offense."

6

activity for which a person can be charged with a criminal offense").

For the stated reasons, Defendant's Motion to Dismiss the Indictment is GRANTED. Defendant's Motion to Strike Surplusage and Motion to Suppress are denied as moot.

Dated: July 7, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge